378 P.2d 605

Marion E. FOWLER, Plaintiff-Appellant,

v.

FIRST NATIONAL LIFE INSURANCE COMPANY OF AMERICA, formerly Automobile Owners Association Insurance Company, Defendant-Appellee.

No. 7098.

Supreme Court of New Mexico.

Feb. 8, 1963.

Hart & Brockman, Tucumcari, for appellant.

Rowley, Davis, Hammond & Murphy, Clovis, for appellee.

TACKETT, District Judge.

This matter comes up on appeal from the Tenth Judicial District, County of Quay, the Honorable J. V. Gallegos, Trial Judge, in which the learned trial judge dismissed the case after trial on the merits, which was adverse to the plaintiff-appellant herein.

The plaintiff and defendant will be used herein as they appeared in trial court.

A policy of insurance was issued to plaintiff by defendant, Automobile Owners Association Insurance Company, now First National Life Insurance Company of America, on November 26, 1958, in which the plaintiff was insured against "loss from accidental bodily injury sustained while driving or riding within any automobile, truck or bus for business or pleasure during the term of the policy, provided such bodily injuries are caused solely by reason of an automobile, bus or truck accident." Premium was paid thereon.

The plaintiff was a janitor in the school system at Kirtland, New Mexico, and used his personal automobile in traveling around the school grounds in the performance of his duties.

On November 28, 1958, having completed certain custodial duties, intending to go to another part of the school, i. e., a football field, for the purpose of turning on the water; a strong wind was blowing and the plaintiff attempted to enter the automobile

from the right side and had gotten his body partially in the automobile with the exception of his right leg, when a gust of wind blew the right door against his leg causing injury which necessitated medical and hospital attention for an ulcerated condition thereon.

The plaintiff fully entered the automobile and remained there for some thirty minutes, until the pain subsided. He then proceeded to drive the automobile to the football field for the purpose of turning on the water and continued to perform his duties for the balance of that day and up until the 14th day of December, 1958, when his physician ordered him to stop work, which he did on December 15, 1958, and immediately thereafter entered the hospital, being confined therein for a period of thirty-six days; he was released from the hospital, used crutches and was unable to return to work. He was again admitted to the hospital about the 1st of February, 1959, being confined therein for a period of twenty-three days. During both confinements in the hospital the ulcerated condition of the plaintiff's leg was continuously treated and after the second release from the hospital he again used crutches and was unable to return to work. The plaintiff subsequently moved to the Tucumcari area, where he was treated for the injury to his leg by Dr. Hoover, until about the 13th day of June, 1959, at which time plaintiff was advised by Dr. Hoover that he was able to return to work. Where-

upon, he returned to his home and resumed his job as custodian of the school on the 15th day of June, 1959.

The defendant denies liability under the policy for the injuries sustained by plaintiff to his right leg on the ground that the policy provisions are not applicable to this type of a situation in that the plaintiff did not "sustain bodily injury while driving or riding within any automobile, bus or truck * * *"

There is only one assignment of error relied on for reversal:

"The Court erred in making a Finding of Fact and Conclusion of Law that for the purpose of the policy of insurance involved the plaintiff was not riding within or driving an automobile at the time he received the injury of which he has complained."

After a careful review of citations furnished by appellant and appellee, as well as independent research, we conclude that the citation of three cases will be sufficient to dispose of this appeal, those cases being: Provident Life and Accident Insurance Co. v. Nitsch, C.C.A.5, 123 F.2d 600, 138 A.L.R. 399; Dorsey v. Fidelity Union Casualty Co., Tex.Civ.App., 52 S.W.2d 775, and Standard Life & Accident Insurance Co. v. Hardee, Tex.Civ.App., 330 S.W.2d 544, 78 A.L.R.2d 1040.

In the case of Provident Life and Accident Insurance Co. v. Nitsch, an automobile-

had come to a stop at the end of a journey when the insured was shot by the accidental discharge of a pistol which, together with other effects, she was taking out of a glove compartment, in preparation for leaving the car; this did not take the accident out of coverage of a policy of accident insurance extending to accidents "while driving, riding in or on * * * an automobile."

In the Dorsey case there was a policy of insurance providing indemnity for injuries sustained "as a result of operating, driving, riding in or on * * * an automobile." Apparently the facts were as follows: The insured was sitting at the steering wheel of his automobile while a hunting companion, standing outside, was unloading his gun before entering the car. The companion's gun discharged, killing the insured. The court stated: "We therefore hold that the insured was injured as the result of operating or riding in the car, and is entitled to recover the amount stipulated in the policy."

In the Standard Life & Accident Insurance Co. v. Hardee case, it appeared that recovery under an accidental death indemnity policy was sought against the insurer. The policy covered accidental bodily injury sustained "while riding or driving within any * * * truck * * *, provided such bodily injuries are caused solely by reason of * * * (a) truck * * * accident." The injury resulting in death of the insured was sustained while he was standing in the bed of a flat-bed, long-wheelbase truck used in hauling pulpwood, when, after the truck had become stalled in a stump hole, a pole, attached to a wheel to extricate the truck, spun around with the spinning wheel and struck the insured.

On an appeal by the defendant, a judgment for the plaintiff, rendered by the District Court, Panola County, Texas, was affirmed by the Court of Civil Appeals of Texas, which, in an opinion by Chadick, Chief Justice, rejected contentions of the defendant that, within the meaning of the policy terms, the insured was not "riding," that he was not "within the truck," and that no "truck accident" occurred.

■ It is a cardinal principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of insured or his beneficiary and strictly as against insurer. Also, words, phrases or terms will be given their ordinary meaning unless by definitions in the policy or context in which the word is used requires some other meaning be given.

■ It would be difficult, we think, to conceive of a case more clearly than of riding in an automobile than the one at bar, unless indeed, the coverage must be considered as clipped at both the starting and the arriving end of a journey, so that on the one hand, it does not take effect until the car starts rolling, and on the other, it becomes ineffective the moment motion

ceases, though in the first case, the insured has gotten into the car which is just about to move and in the second case the insured has not gotten out of the car which has just come to a stop.

If this construction were right, insured would not be covered while getting into or out of the car for the purpose of riding and the policy would be required to read as though, in lieu of the words used, there appeared in it, the words "while the car is in motion." Appellee's contention, carried to its logical conclusion, would require an occupant of an automobile, who desired coverage, to sit poised for instant flight from the car as soon as motion ceased, and might also involve some quite close distinctions as to the precise point when the motion ceased, or when the operator or driver of an automobile started operation thereof. There must be a starting point, when an operator commences operating an automobile. Likewise, there must be a stopping point. Can it be said that a person is not operating his automobile when he has entered it for the purpose of placing the automobile in motion, even though the motion has not been started? We think not. When he has started to enter the automobile for the purpose of operating it, his intention for all practical purposes is to place the automobile in motion as he must first enter to accomplish this purpose.

This is a case of first impression in this court.

Appellee contends that to hold other than the decision of the trial court would, in effect, be rewriting the contract of insurance. There is no merit to this contention.

The judgment is reversed and the cause remanded with instructions to vacate and set aside the court's decision and judgment, and to proceed further in a manner not inconsistent with what has been said.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.