Leora K. BEAMS, Plaintiff-Appellant,

v.

JOHN HANCOCK MUTUAL LIFE IN-
SURANCE COMPANY, Defendant-
Appellee.

No. 15123.

United States Court of Appeals
Sixth Circuit.

Jan. 3, 1964.

Jack M. Lowery, Jr., Louisville, Ky.
(Wilton R. Long, Jr., Louisville, Ky., on
brief), for appellant.

R. Lee Blackwell, Louisville, Ky. (M.
Brooks Senn, Louisville, Ky., on brief,
Bullitt, Dawson & Tarrant, Louisville,
Ky., of counsel), for appellee.

Before WEICK and PHILLIPS, Cir-
cuit Judges, and KALBFLEISCH, Dis-
trict Judge.

PER CURIAM.

Deceased was insured under a life in-
surance policy issued by appellee com-
pany. Appellant beneficiary sought to
recover under a double indemnity clause
of that policy. The policy provided that
double indemnity for accidental death
would be paid only if death occurred
"as a result of bodily injuries sustained
solely through external, violent and ac-
cidental means, directly and independ-
ently of all other causes * * *" and
that no payments would be made there-
under for any loss caused "wholly or
partly, directly or indirectly, by * * *
disease, or bodily or mental infirmity, or
medical or surgical treatment there-
of. * * *"

Insured had been suffering from vari-
ous complaints which, during a period of
hospitalization, were diagnosed as re-
sulting from gall bladder disease and
gallstones. Two doctors recommended
surgery, but because of insured's severe-
ly impaired physical and emotional con-
dition the doctors decided against sur-
gery at that time. Three months after
leaving the hospital insured sustained
an accidental fall. Immediately there-
after he developed severe symptoms.
Within a week after the fall his condi-
tion had become sufficiently critical to
require hospitalization on November 3,
1959. On November 11, 1959, the sur-
geons decided that it was necessary to
operate to save his life. Surgery dis-
closed two small gallstones impacted at
the juncture of the cystic and common
ducts. Following surgery insured de-
veloped post-operative pancreatitis,
which resulted in his death some twenty
days after his accident.

Appellant's theory, and there is ample
evidence in the record to support it, was
that prior to the fall the gallstones were
at some point above the location where
they were discovered at the time of the
operation. Doctors testified that in their
opinion the accidental fall caused the
stones to move to the position in the
cystic duct where they succeeded in ob-
structing the common duct, which ob-
struction, surgery and complications

which followed ultimately resulted in insured's demise.

■ Upon trial of the case before a jury the Court directed a verdict for the defendant. From that direction appellant appeals. Federal jurisdiction had been invoked because of diversity of citizenship, and thus the substantive law of Kentucky is controlling.

This case was well briefed and argued by counsel for both sides. The Court has carefully examined all of the authorities cited by counsel, which appear to adequately cover the field not only as to the law of Kentucky but as to the general law throughout the United States.

It appears that in double indemnity cases of this nature courts have followed two approaches to the problem. One approach was succinctly stated by Judge Cardozo in Silverstein v. Metropolitan Life Insurance Co., N.Y.Ct. of App., 254 N.Y. 81, 171 N.E. 914 (1930). This approach has been reflected in such other cases as Prudential Insurance Co. of America v. Carlson, 126 F.2d 607 (10th Cir., 1942), which, along with Silverstein, supra, was expressly approved in Mutual Benefit Health and Accident Assoc. v. Webber, 299 Ky. 846, 187 S.W. 2d 273 (1945). It is also found in Kansas City Life Insurance Co. v. Hayes, 184 F.2d 327 (10th Cir., 1950). These cases seek to approach the problem by determining whether the deceased was suffering from an active disease or merely from a dormant physical condition. They hold that if deceased was suffering from a condition, as distinguished from an active disease, and sustained an accident which cooperated with the condition to result in death, then the accident alone was the cause of the death and recovery could be had under an accidental death clause; however, if deceased was suffering from an active disease which combined with an accident to result in his death, then the accident was not the sole cause of the death and recovery could not be had under an accidental death clause. Whether or not a deceased was suffering from a condition

or from an active disease was held to be a jury question, to be submitted under proper instructions.

The other approach to the problem is illustrated by the three Kentucky cases of Prudential Insurance Co. of America v. Gaines, 271 Ky. 496, 497, 112 S.W.2d 666 (1938); Sachs v. Independence Insurance Co., 306 Ky. 385, 208 S.W.2d 61 (1948); and Prudential Insurance Co. of America v. Lowe, 313 Ky. 126, 230 S.W.2d 466 (1950). The approach of these cases is to seek to determine whether death was caused by the accident, in which case recovery upon an accidental death clause was allowed, or whether it was caused by a combination of the accident with the pre-existing physical ailment, in which case the accident was not the sole cause of the death and thus recovery was not permissible under the accidental death clause.

We believe that in view of the nature of the insured's gall bladder disease, and of the terms of the policy involved in this case, which specifically provided that there was no liability if the loss was "caused wholly or partly, directly or indirectly, by * * * disease or bodily or mental infirmity, or medical or surgical treatment thereof * * *," the second approach is appropriate here.

We agree with the trial Judge that the death clearly was the result not of the accidental fall alone but of the accident in combination with the gall bladder disease and gallstones, which gall bladder disease had been serious enough to require insured's ten-day hospitalization less than three months before his accident. The disease in this case unquestionably was far more serious than Judge Cardozo contemplated when, in discussing a condition in Silverstein v. Metropolitan Life Insurance Co., supra, he said that a condition dare not be "so considerable or significant that it would be characterized as disease or infirmity in the common speech of men." but was "at most a predisposing tendency."

The one Kentucky case which involved facts similar to these and which held that the evidence presented a jury question

was Inter-Southern Life Insurance Co. v. Cochran, 259 Ky. 677, 83 S.W.2d 11 (1935). However, that case did not involve an insurance policy containing a provision such as the one before us now.

The trial Judge was correct when he held that the evidence proved that death resulted from a combination of the accident and the gall bladder disease and that, therefore, the plaintiff could not recover under the terms of this insurance contract. The judgment is affirmed.