391 P.2d 411

**Loice LAX and Miller Daniel, d/b/a Lax Terrazzo & Tile Company, Defendants-Appellants,**

**v.**

**FIDELITY AND CASUALTY COMPANY OF NEW YORK, Intervenor-Appellee.**

**No. 7385.**

Supreme Court of New Mexico.

April 13, 1964.

Gallagher & Walker, Melvin L. Robins, Albuquerque, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., Albuquerque, for appellee.

COMPTON, Chief Justice.

The single question presented on appeal is whether the intervenor, the liability insurance carrier for the partnership of Loice Lax and Miller Daniel, d/b/a Lax Terrazzo & Tile Company, is obligated to defend a wrongful death action instituted against the partnership, and to pay any judgment that might be rendered against Lax individually or the partnership as a result of a collision of a motor vehicle personally owned and operated by Lax but being used by him at the time in the partnership business. From a judgment holding intervenor free from any liability under the policy the defendants have appealed.

We readily reach the conclusion that the trial court's ruling was correct. There is attached to the policy an endorsement or rider which stipulates: "Partnership As Named Insured" * * * "It is agreed that the policy does not apply to: (1) Any automobile owned by or registered in the name of any partner who is a member in the partnership named insured; (2) The use of non-owned automobiles used in a business other than that of the named insured." The policy under consideration lists only 2 motor vehicles as being used by the partnership, a 1959 Ford Ranchero Pickup and a 1953 Chevrolet 2-Ton Truck on which premiums had been paid, while the automobile involved in the collision was a 1959 Oldsmobile individually owned by Lax and registered

in his name, on which premiums had not been paid by the partnership. American Mutual Liability Insurance Company v. Meyer, (CCA, 3 Cir.), 115 F.2d 807; Payne v. Dearborn National Casualty Company, 328 Mich. 173, 43 N.W.2d 316; Giokaris v. Kincaid, (Mo.), 331 S.W.2d 633, 86 A.L.R.2d 925.

But appellants take the position that the coverage provided by paragraph III (1) (2) of the policy extends coverage to other cars, particularly the Lax automobile used in the partnership business. They rely strongly on American Fidelity and Casualty Company v. Bayshore Bus Lines, Inc., (USCA, 5 Cir.) 201 F.2d 148. Their position is untenable. It will be seen that the endorsement in that case, "Employers Non-ownership Liability," specifically provided coverage for non-owned vehicles without exception as to ownership, and that the personal automobile being driven by an executive officer of the company at the time of the collision had been listed on the endorsement. The difference in the endorsements distinguishes the cases.

Obviously there is an irreconcilable conflict between the endorsement here and other coverage provisions of the policy. In this situation the endorsement is controlling. Farmers Insurance Exchange v. Ledesma, (USCA, 10 Cir.), 214 F.2d 495.

It follows that since the endorsement effectively excludes coverage for the automobile owned by Lax, a member of the partnership, the policy imposes no liability upon intervenor to defend the action.

The judgment should be affirmed and it is so ordered.

CHAVEZ and MOISE, JJ., concur.