419 P.2d 963

**FOUNDATION RESERVE INSURANCE COMPANY, Inc., Plaintiff-Appellant,**

v.

**David K. McCARTHY, Defendant-Appellee.**

No. 8021.

Supreme Court of New Mexico.

Nov. 7, 1966.

Leslie D. Ringer, Santa Fe, for appellant.

Thomas E. Davis, Albuquerque, for appellee.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

This is a declaratory judgment action brought by an insurer against the insured to determine the rights of the parties. The district court gave judgment for the insured. The insurer appeals.

The sole question is the construction of a medical coverage clause in an insurance policy issued by the appellant. The coverage is for medical expenses resulting from bodily injuries caused by accident "through being struck by an automobile."

The parties stipulated that the insured was riding a motor-scooter on a paved divided highway approaching an intersection. An automobile traveling on the other side of the divided highway in the opposite direction made a left turn crossing the path of the insured-defendant. Defendant's motor-scooter ran into the right side of the automobile. It was further stipulated that

in addition to the collision between the motor-scooter and the automobile, there was an actual collision between the automobile and the defendant's person.

The appellant contends that the phrase in question requires that the automobile be the moving or striking force and that consequently the insured could not be struck by an automobile which he ran into. This court has uniformly held, in accordance with the generally accepted principles of insurance law, that a contract of insurance is to be construed liberally in favor of the insured and strictly against the insurer. Erwin v. United Benefit Life Insurance Company, 70 N.M. 138, 371 P.2d 791. We have also held that the rule requiring construction of an insurance contract favorable to the insured applies only where the language is ambiguous. Rea v. Motors Insurance Corporation, 48 N.M. 9, 144 P.2d 676; Gray v. International Service Insurance Company, 73 N.M. 158, 386 P.2d 249.

We must first determine whether the language in the phrase "being struck by an automobile" is ambiguous. Language is ambiguous when its meaning is doubtful or when it has a double meaning. Black, Law Dictionary, 105 (4th ed. 1951).

The phrase "being struck by an automobile" has two key words pertinent to this decision. First is the word "struck" which has been defined as "to come into contact or collision." Webster's, Third New International Dictionary unabridged. The second key word to be construed is the word "by." It has various meanings depending upon the intention and purpose of its use. Webster's Dictionary, supra, among other definitions gives the meaning as: "through", "through the medium of", "through the means of", "in consequence of." We think that the phrase is susceptible of meanings other than the interpretation urged by the appellant and that it is ambiguous. American Casualty Company of Reading, Pennsylvania v. Cutshall, 205 Tenn. 234, 326 S.W.2d 443. Consequently we will construe the phrase in favor of the insured. Erwin v. United Benefit Life Insurance Company, supra; Morris v. Firemen's Fund Insurance Company, 72 N.M. 395, 384 P.2d 465.

We conclude that the phrase reasonably interpreted covers bodily injuries sustained by the insured as a consequence of a collision between an automobile and the person of the insured defendant under the facts here present.

The judgment is affirmed.

It is so ordered.

CARMODY, C. J., and MOISE, J., concur.