Victoria **ANDERSEN**, Plaintiff and Respondent,

v.

**STANDARD LIFE AND ACCIDENT IN-SURANCE COMPANY**, Defendant and Appellant.

**No. 8332.**

Supreme Court of North Dakota.

March 16, 1967.

TEIGEN, Chief Justice.

This action is upon two accident insurance policies of limited coverage. The insured lost his life in a one-car automobile accident, and his wife, as named beneficiary, is plaintiff. The trial court found in favor of the plaintiff, and the defendant insurance company has appealed, asking trial de novo in this court.

Both policies provide specified death benefits for loss of life in an accident as specified and described in the insuring clauses of the policies. The only point raised by the defendant is that the deceased was not covered by these policies at the time he sustained the injury which brought about his death because he was not driving or riding within the automobile.

The insuring clauses of both policies are identical and read as follows:

Part One

Against loss from accidental bodily injury sustained *while driving or riding within* any automobile, truck or bus for business or pleasure during the term of this policy, provided such bodily injuries are caused solely by reason of an automobile, truck or bus accident. (Emphasis supplied.)

The salient facts are that the insured, while driving his automobile, had driven partially off an approach grade where his automobile became stuck. Later he was found dead, lying on his back underneath the front of his automobile, his feet protruding toward the front of the automobile approximately 12 inches, and his body under the automobile. When found, the deceased's left hand was pinned or caught between the tie rod and the wheel axle. His body was pinned under the automobile in such a manner that it was necessary to lift the automobile with a jack to extricate him. A coroner's autopsy determined that he had died from a severe pulmonary hemorrhage, compression of the

Traynor & Traynor, Devils Lake, for defendant and appellant (Irving T. Zemans, Chicago, Ill., of counsel).

Duffy & Haugland, Devils Lake, for plaintiff and respondent.

chest, and multiple fractures of the right costal cartilage. A chain attached to the front of the automobile, where it was wrapped, tied or fastened in some manner to the V spring, ran to a tractor about 18 feet in front of the automobile to which the other end of the chain was attached. The chain was so taut it could not be unhooked or detached until slackened. The gas tank on the tractor was dry, the motor was not running, the gear shift was in reverse position, and the clutch was disengaged. The motor of the automobile was not running, the automatic gear was in drive position, the headlights were switched on but were dim, the brakes were not applied, and the right rear tire was flat. No eyewitnesses to the accident were found. The body was found about 11:30 p. m. The coroner testified the insured had been dead about three hours when he examined him at midnight, thus he died about 9:00 p. m.

It appears that deceased had spent most of the day at McHenry, North Dakota, where he had had a few drinks. He apparently prepared to leave McHenry a little past 6:30 p. m. He was next seen at the scene of the accident by the sheriff of the county at about 8:00 p. m. He testified that, in his opinion, the insured was not intoxicated. The insured's automobile was then partially off the approach leading from the highway to a farm occupied by a Mr. Wigan who was not at home.

The insured informed the sheriff he had attempted to turn onto the approach but his automobile went partly off the approach and toward the ditch and became stuck. The sheriff testified the automobile was "hung up pretty heavy." The insured declined the sheriff's invitation to drive him home. The tractor which had been obtained from Mr. Wigan's farmyard was apparently used in an attempt to pull the automobile into the ditch from its "hung up" position on the approach grade; however, the automobile was still in about the same location when discovered at 11:30 p. m. as it had been when seen by the sheriff

at about 8:00 p. m. Ruts were discovered which had been cut by the rear wheels indicating the insured had attempted to back out but was unsuccessful.

The trial court found that a persuasive inference arose from the facts, that the deceased had attempted to extricate his "hung up" vehicle and to this end resorted to a one-man operation of the tractor to pull the car from its stuck position on the highway shoulder. In so doing, the insured was in actual physical control of his vehicle and thus was the driver thereof and definitively driving the same, even though he was not then inside the car nor at its steering wheel, and while so engaged he lost his life through accidental means.

The question for our determination is, did the insured sustain injury resulting in his death "while driving or riding within" his automobile?

The appellant contends for a strict, literal interpretation of the insuring clause which contains the above phrase, and argues that an insured is not covered unless he is on the inside of the automobile, either driving or riding within it, when the injury is sustained.

Our statutes provide that when the language of a contract is clear and explicit, and does not involve an absurdity, the language governs its interpretation, Section 9–07–02, N.D.C.C.; that words of a contract are to be understood in their ordinary and popular sense rather than according to their strict, legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, Section 9–07–09, N.D.C.C.

An insurance contract, like any other contract, is to be construed according to the sense or meaning of the words that are used in the contract. Schmitt v. Paramount Fire Insurance Company, N.D., 92 N.W.2d 177. While the language of the contract should not be strained in order to impose liability upon the insurer; neverthe-

less, where it is reasonable to do so, the contract should be construed liberally to accomplish the purpose of the contract; that is, to provide indemnity. Schmitt v. Paramount Fire Insurance Company, supra. Thus if the language used reasonably raises a doubt as to its meaning, that doubt will be resolved against the insurer who wrote the contract. Conklin v. North American Life & Casualty Company, N.D., 88 N.W. 2d 825; Schmitt v. Paramount Fire Insurance Company, supra; Tennefos v. Guarantee Mutual Life Company, N.D., 136 N.W.2d 155. If the language of the policy is ambiguous and will as reasonably support an interpretation which will impose liability as one which will not, the former interpretation will be adopted. Persellin v. State Automobile Ins. Ass'n., 75 N.D. 716, 32 N.W.2d 644; Beauchamp v. Retail Merchants' Ass'n., 38 N.D. 483, 165 N.W. 545; Schmitt v. Paramount Fire Insurance Company, supra.

■ This is a sound rule. It recognizes the realities of the transaction that the provisions of an insurance policy are not the product of negotiations between insurer and insured but are written by the insurance company and, out of necessity perhaps, submitted for acceptance without change. It is, nevertheless, a contract of the parties and from it we must find what is meant by the words used.

This is a case of first impression in this state, and we find only two cases in other states which have interpreted an identical phrase in the insuring clause. In Standard Life & Accident Insurance Company v. Hardee, Tex.Civ.App., 330 S.W.2d 544, 78 A.L.R.2d 1040, the Texas court held there was coverage under an identical insuring clause when the insured was killed while standing on the flat bed of his truck which was stuck. When insured's son attempted to drive the truck forward, the rear wheel spun, causing a log attached to a rear dual wheel with a chain to be flung into the air, striking and killing the insured. The court

said the insured, while standing on the flat bed of the truck, was "within" the truck as that term is used in popular understanding, and that he was "riding," although the truck did not respond or move as a result of the driver's efforts.

In Fowler v. First National Life Insurance Company of America, 71 N.M. 364, 378 P.2d 605, the New Mexico court, construing an identical insuring clause, held there was coverage when the insured was injured entering his automobile from the right side. Before fully getting in the automobile, the wind blew the door shut on his leg, injuring him. The court reasoned that to start the automobile in motion it was first necessary to enter it and that he entered for the purpose of placing the automobile in motion. We feel neither of these cases are helpful under the state of facts in the instant case.

Many cases construing insuring clauses that are similar have been cited by both parties in their arguments and in their briefs. Almost all of the cases cited have been collected and are reported in two well prepared annotations, one in 138 A.L.R. 404 and the other in 78 A.L.R.2d 1044. However, we do not find these cases helpful to us in determining this case. No cases have been cited to us nor have we found any which we feel are in point here. The factual situation in this case is so far removed from the factual situations in the cases cited that we cannot apply them.

■ Although the insured's journey was interrupted by an incident which was probably not a result of a voluntary act and which occurred before he reached his destination, nevertheless it is clear the insured had terminated his driving and had voluntarily left the automobile to seek outside assistance in removing it from its "hung up" position. The accident which caused his death was not sufficiently associated with or sufficiently incidental to the driving to come within the terms of the policy, but was incidental to the task of attempting to extricate his automobile. The

automobile was not being used as a means of conveyance when the accident causing the insured's death occurred, nor do we feel that his actions in securing the tractor to pull the automobile were so closely connected to driving the automobile that we can say that it was incidental thereto.

Pertaining to the facts as they exist in this case, the language of the policy is not ambiguous and calls for no construction and does not involve an absurdity. It must be, therefore, considered in its plain and easily understood sense.

The judgment is reversed.

STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.

PAULSON, J., not being a member of the Court at the time of submission of this case, did not participate.