487 P.2d 908

HOUSTON FIRE AND CASUALTY INSURANCE COMPANY, Plaintiff-Appellant,

v.

C AND H CONSTRUCTION AND PAVING COMPANY, Inc., Defendant-Appellee.

No. 9213.

Supreme Court of New Mexico.

Aug. 2, 1971.

**800**

Louis J. Vener, Albuquerque, for plaintiff-appellant.

Toulouse, Moore & Walters, Albuquerque, for defendant-appellee.

## OPINION

McMANUS, Justice.

Plaintiff sued in the District Court of Bernalillo County to recover premiums alleged due upon a liability policy issued by it to defendant. After trial without a jury, judgment was entered for only part of the sums claimed, and plaintiff appeals.

Plaintiff issued a liability policy to defendant, the premium for which was to be based on defendant's expenditures for wages and rental of equipment from others, and also on receipts from rental of its own equipment to others. These items were estimated in advance by defendant. At the end of the policy period plaintiff audited defendant's records and determined that the actual earned premium was $6,725.00 greater than that estimated and paid in advance by plaintiff. Defendant denied any additional indebtedness and alleged that it was entitled to a reduced premium on the vehicles it leased from others because of a clause in the policy which provided for a premium of only 5% of the normal premium under certain conditions.

The problem revolves around the meaning and application of a provision of the policy which reads, as follows:

"The rates for each $100.00 of 'cost of hire' shall be 5% of the applicable hired automobile rates, provided the owner of such hired automobile has purchased automobile Bodily Injury Liability and Property Damage Liability covering the interest of the named insured on a direct primary basis as respects such automobile and submits evidence of such insurance to the named insured."

Defendant had obtained "Certificates of Insurance" from the owners of vehicles it had leased. A certificate of insurance is merely a statement from an insurer that a particular vehicle leased to lessee is covered by a policy of insurance. Defendant was not shown as an insured in any of these certificates. Defendant contends that the policies of insurance referred to in the certificates were adequate to qualify it for the reduced premium. Plaintiff insists that the defendant could qualify for the reduced rate only by producing either policies or certificates of insurance in which the defendant is specifically named as an insured and with maximum limits of liability which are as great as those in the policy issued by plaintiff to defendant. It was shown that some of the policies referred to by the certificates were lower than the limits issued by the plaintiff.

After a careful reading of the transcript, it is obvious that the trial judge decided that the interpretation of the above-quoted policy provision was ambiguous. An ambiguity arises in the provision under consideration since it is fairly susceptible of two different constructions by reasonably intelligent men on reading it. Reasonably intelligent men could honestly differ as to the meaning thereof. See East and West Ins. Co. of New Haven, Conn. v. Fidel, 49 F.2d 35 (10th Cir. 1931).

Thus, the trial court was correct in resolving it against appellant. Foundation Reserve Ins. Co. v. McCarthy, 77 N.M. 118, 419 P.2d 963 (1966). In arriving at his decision the court considered the "omnibus clause" in the insurance contracts involved. All the policies had equivalent provisions, as follows:

"Each of the following is an insured under this insurance to the extent set forth below:

(a) The named insured;

\* \* \* \* \* \*

(c) Any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be insured only if he is: (1) a lessee or borrower of the automobile; (2) an employee of the named insured or such lessee or borrower."

■ The trial court found that the certificate of insurance met the requirement of the policy that the owner of the leased truck purchased automobile insurance covering the interest of the defendant on a direct primary basis, and we think this is correct. See Continental Cas. Co. v. American Fidelity and Casualty Co., 275 F.2d 381 (7th Cir. 1960).

Appellant contends that the words "covering the interest" of plaintiff meant a coverage to the extent of $100,000 for each person and $300,000 for each accident, which was the coverage provided in the policy issued by plaintiff to defendant. These words, too, were considered ambiguous by the trial court. The language of the plaintiff's policy did not help in this regard. Again, when a provision is susceptible of two different constructions an ambiguity does arise. Therefore, the trial court must resolve the problem and we will not challenge his decision. See East and West Ins. Co. of New Haven, Conn. v. Fidel, supra, and Foundation Reserve Ins. Co. v. McCarthy, supra.

It is further a general rule that the "coverage of a liability policy will extend not only to the named insured, but to all persons or classes of persons specifically listed in the policy's omnibus clause," Lazarus v. Manufacturers Casualty Ins. Co., 105 App.D.C. 357, 267 F.2d 634 (1959).

Our disposition of the above point makes it unnecessary to consider the second point concerning the trial court's finding that plaintiff was estopped to refuse defendant a reduced rate.

We affirm. It is so ordered.

COMPTON, C. J., and OMAN, J., concur.