**AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, American Motorists Insurance Company, Federal Mutual Insurance Company and Lumbermens Mutual Casualty Company, Plaintiffs,**

v.

**AMERICAN BROADCASTING–PARAMOUNT THEATRES, INC., Defendant.**

No. 63 Civ. 1492.

United States District Court
S. D. New York.

April 15, 1968.

Lord, Day & Lord, J. W. Castles, III, New York City, Wendell Davis, New York City, of counsel, for plaintiffs.

Hawkins, Delafield & Wood, Clarence Fried, New York City, Robert Desmond, New York City, of counsel, for defendant.

## MEMORANDUM

TENNEY, District Judge.

The defendant moves herein, pursuant to Rule 39(a) (2) of the Federal Rules of Civil Procedure, for an order striking the plaintiffs' demand for a jury trial, which demand was served on March 8, 1968. The original complaint alleged a single cause of action, violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and sought treble damages, an injunction and a declaratory judgment.

 Clearly, plaintiffs had the right to a trial by jury of all of the substantive issues in dispute as alleged in the original complaint. Ring v. Spina, 166 F.2d 546, 549–550 (2d Cir.), cert. denied, 335 U.S. 813, 69 S.Ct. 30, 93 L. Ed. 368 (1948). Their failure to serve a jury demand pursuant to Rule 38(b) of the Federal Rules of Civil Procedure not later than ten days after the service of defendant's answer to the complaint constituted a waiver of trial by jury under Rule 38(d).

On February 16, 1968, plaintiffs served an amended or supplemental complaint. Permission to file such a supplemental complaint had been granted by the Court in December 1966 to reflect the fact that an action instituted by defendant in the New York State Court had terminated in defendant's favor, making plaintiffs' prayer for an injunction against prosecution of that action moot, and to increase the damages claimed in the instant action to reflect the damages recovered by the defendant herein against plaintiffs in the State Court action.

The amended complaint served by plaintiffs herein alleges the same cause of action as that set forth in the original complaint and is identical to the original complaint as to each and every

**40**

substantive issue. The nature of the cause of action has not been altered in any manner or raised any new factual issue.

 When the ten-day period of Rule 38(b) has expired, amendment of a pleading which does not introduce new issues does not give rise to the right to demand a jury. Leighton v. New York, S. & W. R.R., 36 F.R.D. 248, 249 (S.D.N.Y.1964); Ridge Theatre Corp. v. United Artists Corp., 27 F.R.D. 8, 10 (E.D.Pa.1961); Reeves v. Pennsylvania R.R., 9 F.R.D. 487 (D.Del.1949); 5 Moore, Federal Practice ¶ 38.39[2] (2d ed.1967).

 Accordingly, plaintiffs' jury demand is stricken.

So ordered.