Dorothy EAGLE, Plaintiff-Appellee,

v.

LOUISIANA AND SOUTHERN LIFE IN-
SURANCE COMPANY, a corporation,
and Multiple Business Insurance Trust,
Defendants-Appellants.

No. 72–1110.

United States Court of Appeals,
Tenth Circuit.

Aug. 7, 1972.

Maurice Sanchez, Albuquerque, N. M.
(Krehbiel & Alsup, Clayton, N. M., and
Grantham, Spann, Sanchez & Rager, Al-
buquerque, N. M., on the brief), for
plaintiff-appellee.

Bruce D. Hall, Albuquerque, N. M.
(Rodey, Dickason, Sloan, Akin & Robb
and Robert M. St. John, Albuquerque,
N. M., on the brief), for defendants-ap-
pellants.

Before BREITENSTEIN, BARRETT,
and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this removed action with jurisdic-
tion dependent on diversity, plaintiff-ap-
pellee sued to recover on a group life in-
surance policy for the death of her hus-
band. The trial court granted summary
judgment in her favor and defendants
have appealed.

Defendant-appellant Multiple Business
Insurance Trust is an Alabama trust
which provides group life insurance to
employees of participating employers.
Defendant-appellant Louisiana and
Southern Life Insurance Company, a
Louisiana company authorized to do
business in New Mexico, issued to Trust
a policy to provide group coverage for
participating employers. Trust is the
policyholder and employees of a partici-
pating employer are the beneficiaries
under the trust agreement.

The complaint alleges that Reeves and
Dougherty, who were affiliated with In-
surance Consultants, Inc., were defend-
ants' agents, "duly authorized to negoti-
ate for insurance coverage * * * on
behalf of Defendants as insurers." On
May 22, 1970, Reeves and Dougherty
met with representatives of Arkansas
Valley Feed Yard, Inc., in Clayton, New
Mexico, and solicited group life coverage
for Arkansas Valley employees. Arkan-

sas Valley executed an election to participate in the trust agreement for all of its employees and to pay all of the costs. The election stated the effective date to be June 1, 1970. Arkansas Valley gave to the solicitors its check for $663.02 to cover the initial costs.

On June 3, plaintiff's decedent was accidentally killed while engaged in his employment with Arkansas Valley. If coverage existed for Arkansas Valley, eligibility of the decedent for protection is not questioned. Insurance Company was notified of the death by a June 5 letter. On June 26 Insurance Company disapproved coverage and has refused to pay the death claim.

Both sides moved for summary judgment. The court granted plaintiff's motion and denied that of defendants. In so doing it made no statement of the facts which it deemed pertinent and gave no reasons for the actions taken.

Group life insurance is authorized in New Mexico. See N.M.S.A., 1953, § 58–8–17. The trust agreement provides that an employer "whose request to participate has been accepted by the Trustees will become a party to this Agreement," provided certain conditions, not here pertinent, are satisfied. The group policy provides that full-time employees are "eligible for insurance on the Date of the Issue of the Policy or on the date his Employer Unit is accepted by the Policyholder [Trust] for insurance under the Policy." Employer Unit is defined to be "any employer who has made written election to participate in the Multiple Business Insurance Trust and whose election has been approved by the Policyholder and the Company [the insurer]." Arkansas Valley's election to participate states: "We understand that no insurance will become effective without the approval of the Insurance Company."

Plaintiff says that she is entitled to summary judgment because Arkansas Valley became a member of Trust when it elected to participate and that nothing further remained to be done. This depends on the authority of Reeves, Dougherty, and Insurance Consultants. Plaintiff affirms, and defendants deny, authority to bind defendants. Thus, we have a genuine controversy over a material fact. She also says that coverage was accepted by Insurance Company. She relies on a May 27 phone call from Dougherty to King, the regional manager of Insurance Company. Dougherty in his affidavit said that King "approved the election or application." In a counter-affidavit, King denied approval of coverage. Here again we have a factual dispute. On the record presented we are unable to say whether this dispute relates to a material issue.

■ Summary judgment is not proper when there is a genuine issue as to a material fact. Rule 56(c), F.R.Civ. P., and Fischer Construction Company v. Fireman's Fund Insurance Company, 10 Cir., 420 F.2d 271, 275. Presentation of cross-motions for summary judgment does not concede the absence of a material issue of fact. Nafco Oil and Gas, Inc. v. Appleman, 10 Cir., 380 F.2d 323, 325. Affidavits are no substitute for a trial. Hanley v. Chrysler Motors Corporation, 10 Cir., 433 F.2d 708, 711. Summary judgment is not proper when an issue turns on credibility. Hunt v. Pick, 10 Cir., 240 F.2d 782, 784. We are convinced that the record shows a genuine controversy over a material fact, policy coverage, and precludes summary judgment for plaintiff.

Defendants insist that the terms of the trust agreement, the group policy, and the election to participate entitle them to summary judgment. They recognize the procedural complications arising from the appealability of the denial of their summary judgment motion, but say that the outcome is "controlled by unchallenged documentary evidence." See Killpack v. National Old Line Insurance Company, 10 Cir., 229 F.2d 851, 853. We decline to explore this phase of the

case. In our opinion this is not a proper case for summary judgment. The rights of the parties should be determined after a full-fledged trial of the merits.

Reversed.