545 F.2d 104
 Max KATZBURG and Spencer B. Gilbert, Executor of the Estate
of George Horowitz, Deceased, Individually and for
and on behalf of Krebs & Sohn, Inc., a
New Mexico corporation,
Plaintiffs-Appellants,
v.
Erika KREBS et al., Defendants-Appellees.
 No. 75-1575.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted May 18, 1976.
Decided Nov. 19, 1976.
 
 Stanley C. Sager, Albuquerque, N. M. (Menig, Sager, Curran & Sturges, Albuquerque, N. M., on the brief), for plaintiffs-appellants.
 Robert A. Johnson, Roswell, N. M. (Ralph D. Shamas and Atwood, Malone, Mann & Cooter, Roswell, N. M., on the brief), for defendants-appellees.
 Before McWILLIAMS and BREITENSTEIN, Circuit Judges, and ZIRPOLI,* District Judge.
 McWILLIAMS, Circuit Judge.
 
 
 1
 This is a fraud case in which the trial court granted summary judgment in favor of the defendants on the ground of res judicata. We reverse.
 
 
 2
 The record before us consists of the complaint, the separate answers of the several defendants, a pretrial order, and the depositions of many of the principals to the dispute. From the latter we learn that Max Katzburg and Erika Krebs were friends of long standing, having first met in Gabolanz, Czechoslovakia over 40 years ago. After World War II Erika Krebs and her son, Helmut Krebs, carried on a Christmas tree ornaments business in Germany under the trade name Krebs & Sohn, K.G., a German Limited Partnership. Katzburg, who in the meantime moved to the United States, continued through the years his friendship with Erika Krebs and the two had numerous discussions looking towards the possible establishment of an ornaments business in the United States. As a result of these discussions, Krebs & Sohn, Inc., a New Mexico corporation, was eventually formed and it began to make Christmas tree ornaments in Roswell, New Mexico. Katzburg owned 25% of the stock in this New Mexico corporation; Katzburg's nominee, George Horowitz, owned 25%; and Erika Krebs and her son Helmut owned the remaining 50% of the outstanding shares of stock. At all times pertinent to this dispute these four constituted the board of Krebs & Sohn, the New Mexico corporation.
 
 
 3
 In the latter part of 1972 the corporation began to experience serious financial problems, at which time the Roswell State Bank of Roswell, New Mexico refused to extend further credit. As a result, the corporation instituted an action in the state court of New Mexico against the Roswell State Bank, charging the bank with a breach of its promise to extend credit to the corporation, as well as fraud. The bank counterclaimed on an overdue note of the corporation, and in connection therewith foreclosed on the collateral given as security for the overdue note, i. e., merchandise on hand, equipment, fixtures, and the like.
 
 
 4
 At a formal meeting of the board of directors of the corporation, Erika Krebs was by resolution authorized to negotiate with the bank and attempt to settle the dispute. Thereafter Erika Krebs, and other members of her family acting on her behalf, negotiated with the bank, not on behalf of the corporation, but on behalf of the Krebs family. Agreement was reached, and later at a judicially approved sale the collateral was sold to Krebs & Sohn, K.G., the German limited partnership, in which Katzburg and Horowitz had no interest. This German limited partnership in turn later conveyed the collateral thus acquired to Krebs & Sohn, Ltd., a newly formed New Mexico limited partnership, owned by the Krebs family and in which Katzburg and Horowitz had no interest. It was at this point in time that Erika Krebs first advised Katzburg that the Krebs family would "go it alone." Krebs & Sohn, Ltd., the newly formed New Mexico limited partnership, thereafter carried on the ornaments business formerly conducted by Krebs & Sohn, Inc., the New Mexico corporation.
 
 
 5
 Although the following series of events is not deemed by us to be of particular importance in view of the true nature of the present proceeding, comment is nonetheless made because of counsel's reliance on such. The judicial sale of the collateral of the corporation by the state court occurred on a Monday at 9:00 a.m. On the preceding Friday the attorney for the corporation received notice of the impending sale. Despite assurances from Katzburg that Erika Krebs was acting for the corporation, the corporation's attorney on the following day, a Saturday, sent a letter to the state court voicing certain objections to the proposed sale. Specifically, complaint was made as to the adequacy of the compensation to be paid for the collateral, and also a question was raised as to the propriety of the sale to the German limited partnership. Whether this communication was ever received by the New Mexico state court before it approved the sale to the German limited partnership is not disclosed by the record. The order of the New Mexico state court approving the sale did erroneously state that the corporation, the plaintiff in the New Mexico state court proceeding, had approved the sale. Such was admittedly not the case.
 
 
 6
 It was in this general setting that Katzburg and one Spencer B. Gilbert, as executor of the estate of George Horowitz, by then deceased, on behalf of themselves and on behalf of Krebs & Sohn, Inc., the New Mexico corporation, brought the present action against Erika Krebs, her son Helmut, Krebs & Sohn, K.G., the German limited partnership, Wolfgang Krebs and Eberhard Krebs, Helmut's sons, and Krebs & Sohn, Ltd., the newly formed New Mexico limited partnership. The case was filed in the New Mexico state court and later removed to the federal court.
 
 
 7
 The complaint contained four counts. Count one alleged that the defendants Erika and Helmut Krebs, as officers and directors of Krebs & Sohn, Inc., the New Mexico corporation, and thus acting as fiduciaries to both the corporation and its stockholders, conspired together to purchase and acquire the assets of the corporation at a judicial sale for their own benefit, all the while representing to the plaintiffs that their actions were in fact being taken to preserve the corporation intact. It was claimed that the purpose of this fraud was to render worthless the interest of Katzburg and Horowitz in the corporation by, in effect, freezing them out. Count two was a derivative claim on behalf of the corporation, Krebs & Sohn, Inc., seeking to impose a constructive trust on the properties acquired by the defendants in the foreclosure proceedings.
 
 
 8
 Count three is for the relief of Katzburg only, wherein he claims that he suffered losses as a result of the defendants' fraud and that the measure of his damages is the value of his services in setting up and organizing the New Mexico corporation. In this regard Katzburg was promised a 25% interest by Erika Krebs in the New Mexico corporation, which he admittedly received, for organizing the corporation. However, Katzburg asserts that he was in fact deprived of this interest by defendants' subsequent fraud, and that the measure of his damages is the reasonable value of his services in organizing the corporation. The fourth count is for punitive damages.
 
 
 9
 After filing answers to the complaint, the defendants filed a motion for summary judgment. The trial court, after a hearing, granted the motion and entered summary judgment for the defendants. The grounds given by the trial court for its dismissal of the action was that the order of the state court of New Mexico approving the sale of the collateral by the Roswell State Bank to Krebs & Sohn, K.G., the German limited partnership, rendered res judicata the claim asserted by the plaintiffs in the present proceeding. We do not agree.
 
 
 10
 The defendants contend that the gravamen of the present complaint is that Krebs & Sohn, K.G., the German limited partnership, paid an inadequate price for the assets which it acquired from the bank in the New Mexico state proceeding, and that such is a matter that cannot be inquired into in the present proceeding because of the rule of res judicata. We are not in agreement with this analysis of plaintiffs' cause of action. On the contrary, we agree with the plaintiffs that theirs is essentially an action based on fraud and the alleged violation of a fiduciary duty. The following paragraphs from the complaint indicate to us the true nature of the present action:
 
 
 11
 5. On or about February 15, 1973, the Board of Directors authorized ERIKA KREBS, corporation President, to negotiate for settlement of the action brought by the Roswell State Bank and for credit for the corporation, and ERIKA KREBS accepted the authority, all in Albuquerque, New Mexico.
 
 
 12
 6. Plaintiff KATZBURG was financially able to provide capital needed to pay the indebtedness of the corporation and was willing to do so, and so advised the Defendants ERIKA KREBS, HELMUT KREBS, WOLFGANG KREBS and EBERHARD KREBS, but nevertheless, said Defendants, by their words and actions, induced said Plaintiff to withhold acting to raise the needed capital, and represented that Defendant ERIKA KREBS would take the required action to preserve the corporation and to obtain the funds needed.
 
 
 13
 7. Without notice, advice or warning to the corporation or to Plaintiffs, Defendants ERIKA KREBS and HELMUT KREBS conspired together and with WOLFGANG KREBS and EBERHARD KREBS, and with KREBS & SOHN, K.G., and purchased the principal assets of the corporation from the Roswell State Bank for their own account, and caused the assets to be conveyed to KREBS & SOHN, a New Mexico Limited Partnership, of which WOLFGANG KREBS is the general partner and KREBS & SOHN, K.G., is the sole limited partner. All the said actions were in violation of the fiduciary obligation of Defendants ERIKA KREBS, HELMUT KREBS and EBERHARD KREBS to said corporation, and all of which was known to WOLFGANG KREBS and to KREBS & SOHN, K.G.
 
 
 14
 Defendants assert further that the plaintiffs are in this Court attempting to inject into their action for the first time the related issues of fraud and violation of a fiduciary duty owed by Erika and Helmut Krebs to the corporation. We do not agree with such analysis. The excerpts from the complaint set forth above belie such assertion. Additionally, the trial court in its pretrial order clearly recognized that the issues of fraud and violation of fiduciary duty were in the case. In this regard, the trial court in its pretrial order described the plaintiffs' claim as follows:
 
 
 15
 (a) Plaintiffs claim: That they own fifty percent (50%) of the stock of Krebs & Sohn, Inc., a New Mexico corporation; that the Defendants acquired all of the assets of the said corporation, thereby making worthless the Plaintiffs' shares; that the actions of the Defendants were taken in a conspiracy; that individual Plaintiffs claim derivatively, on behalf of the corporate Plaintiff, that a constructive trust should be imposed upon the assets acquired by the Defendants, and Defendants must account for the operation of their business and that the corporation, in the alternative, should have judgment against the Defendants; that Plaintiff Katzburg has been deprived of the payment for his services in organizing the corporation, to his damage; that Defendants' actions in conspiring to acquire the assets of the corporation were done fraudulently and maliciously at a time when Defendants Erika Krebs and Helmut Krebs owed a fiduciary duty to Plaintiffs, and Plaintiffs are entitled to punitive damages.
 
 
 16
 And along the same line the trial court in its pretrial order listed the contested issues of fact as follows:
 
 
 17
 4. CONTESTED ISSUES OF FACT: The contested issues of fact remaining for decision are: (a) Whether or not the Defendants conspired to acquire the assets of Krebs & Sohn, Inc., a New Mexico corporation; (b) Whether or not the Defendants acted maliciously and fraudulently in acquiring the assets of the corporation; (c) Whether or not Defendant Erika Krebs, as corporation president, was authorized by the corporation to settle the action brought by the Roswell State Bank and to obtain credit for the corporation; and if so, whether such a settlement and obtaining credit was feasible or possible; (d) Whether or not the Plaintiffs relied upon their belief that Defendant Erika Krebbs was taking action to preserve the corporation as its president, whether they were entitled to rely upon her taking such action and whether any reliance may have been to their detriment; (e) Whether or not the actions of the Plaintiff Katzburg or the Defendants, particularly Defendants Erika Krebs and Helmut Krebs as officers of Plaintiff Krebs & Sohn, Inc., constitute a breach of their fiduciary obligation to the corporation (whether there is such a fiduciary obligation is a question of law as mentioned hereinafter); . . .
 
 
 18
 The foregoing indicates to us quite clearly that from the very start, and not for the first time in this Court, the plaintiffs were asserting that the defendants, in violation of promises made to Katzburg, conspired to acquire the assets of the corporation for themselves, to the detriment of the corporation and both Katzburg and Horowitz, and in violation of a fiduciary duty to be loyal to the corporation.
 
 
 19
 Does the rule of res judicata have application to the present proceeding based, as we believe it to be, on fraud? We think not. The rule of res judicata is a long standing, judicially created rule, and provides, in essence, that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the action and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195 (1876). The purpose of the rule is to avoid repetitious suits involving the same parties over the same cause of action. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948). However, where a second action between the same parties is upon a different cause of action than the first, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated, but were not, but only "as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." Brown v. DeLayo, 498 F.2d 1173 (10th Cir. 1974).
 
 
 20
 In determining the applicability of the rule of res judicata to a given case, a comparison must be made between the earlier proceeding and the latter one as concerns identity of the parties, the causes of action, and the issues. Here, the earlier proceeding in the New Mexico state court was instituted by Krebs & Sohn, Inc., the New Mexico corporation, against the Roswell State Bank (and others who are in no wise related to the present controversy) and the bank's counterclaim against Krebs & Sohn, Inc., was based on an overdue note. It was in this proceeding that the bank foreclosed on the collateral given as security for the note and at a judicial sale transferred the property to Krebs & Sohn, K.G., the German limited partnership.
 
 
 21
 The present cause of action was instituted by Katzburg and the executor of the Horowitz estate, on behalf of themselves and Krebs & Sohn, the New Mexico corporation against Erika Krebs and her son, Helmut, Krebs & Sohn, K.G., the German limited partnership, as well as against Wolfgang and Eberhard Krebs, Helmut's children, and Krebs & Sohn, Ltd., the New Mexico limited partnership. The claim was based on fraud and conspiracy whereby the defendants acquired the assets of the corporation at the foreclosure sale for their own use and benefit in violation of their fiduciary duty to the corporation and in violation of their promise to Katzburg to acquire such assets for the benefit of the corporation.
 
 
 22
 Under such circumstances we fail to perceive here an identity of parties in the first and second actions. Furthermore, the two causes of action are radically different and the issues which were raised, or could have been raised in the first action, are not the same as those sought to be raised in the present proceeding. Indeed, as we see it, the claim asserted in the present proceeding arose after the foreclosure sale, and hence could not have been an issue in the foreclosure sale proceeding.
 
 
 23
 As indicated, then, we do not view the present proceeding as one to challenge the adequacy of the consideration given the bank by Krebs & Sohn, K.G., the German limited partnership. Nor do the plaintiffs here seek to draw into issue the validity of the transfer of title to Krebs & Sohn, K.G., the German limited partnership. Rather, it is the plaintiffs' basic position that in acquiring the assets of the corporation at the foreclosure sale, Erika and Helmut Krebs, acting through Krebs & Sohn, K.G., the German limited partnership, did so in behalf of the corporation and that they thereafter violated their fiduciary duty to the corporation when they transferred the assets to Krebs & Sohn, Ltd., the New Mexico limited partnership, in which Wolfgang Krebs was the general partner, and Krebs & Sohn, K.G, the German limited partnership, was the limited partner. Under such circumstances the trial court erred in granting summary judgment to the defendants. There remained genuine issues of fact which precluded the granting of summary judgment. Jones v. Nelson, 484 F.2d 1165 (10th Cir. 1973) and Eagle v. Louisiana and Southern Life Insurance Company, 464 F.2d 607 (10th Cir. 1972).
 
 
 24
 By this opinion we are in no wise indicating the ultimate outcome of the controversy. We are merely holding that the rule of res judicata is inapplicable.
 
 
 25
 Judgment reversed and cause remanded for further proceedings.
 
 
 
 *
 Of the Northern District of California, sitting by designation