**FEDERAL INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**UNITED STATES of America,**
Defendant-Appellant.

No. 78–1589.

United States Court of Appeals,
Tenth Circuit.

Argued Jan. 23, 1980.

Decided March 24, 1980.

Michael Kimmel, Atty., Civ. Div., Appellate Staff, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Stuart E. Schiffer, Acting Asst. Atty. Gen., Dept. of Justice, Washington, D. C., James P. Buchele, U. S. Atty., Topeka, Kan., with him on the brief), for appellant.

C. L. Robinson of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, Omaha, Neb., for appellee.

Before SETH, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.

PER CURIAM.

This is a Federal Tort Claims action brought by the plaintiff who was subrogated to several claims arising from an airplane crash in Kansas. The negligence of the Government was alleged to be in its failure to properly maintain an airstrip it was responsible for, and in not closing it when its use became dangerous. The evidence was that there was tall grass in rows on the strip and mud in between the rows. The accident out of which the claims arose occurred when a pilot of a small plane attempted to land on the strip, touched down, saw that there was a problem, and without stopping tried to take off but failed to do so. It was testified that the conditions were not apparent from the air to one not familiar with the field or the general area.

A suit had been brought in the United States District Court for Nebraska by the executrix of the estate of Wesley L. Johns, one of the decedents, who apparently was piloting the plane at the time. The plaintiff became subrogated to the several claims of the other decedents who were passengers before and after the suit of the executrix was filed. The privity issue thus becomes complicated. In any event, the Government prevailed in the Nebraska suit.

The trial judge here, however, found that the Government was negligent and entered judgment for the plaintiff. The Government has appealed.

Much of the argument on appeal centers around the Motion for Summary Judgment filed by the Government based on the Nebraska court's Order which dismissed the action of the executrix. The dismissal there was on the ground that she failed in her proof, that the "evidence was inconclusive and wholly insufficient." As to application of the doctrine urged, see generally, Blonder-Tongue v. University Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788; and Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552, for examinations of collateral estoppel, and Katzburg v. Krebs, 545 F.2d 104 (10th Cir.); Peffer v. Bennett, 523 F.2d 1323 (10th Cir.); Wight v. Chandler, 264 F.2d 249 (10th Cir.); and First National Bank in Wichita v. Luther, 217 F.2d 262 (10th Cir.).

The Government in its Motion for Summary Judgment argued that the plaintiff insurance company in this Kansas suit, taking by subrogation, was bound by the Nebraska Order. The trial court concluded otherwise and denied the Motion. The reason for the denial in substance was that the Government had resisted the plaintiff's Motion to Intervene in the Nebraska suit. One ground there advanced by the Government as to why intervention should be denied was that plaintiff would not be bound by the action. Of this the trial court said:

If this motion is sustained, the government will have succeeded in preventing the plaintiff from participating in one suit by claiming that any decision would not be binding upon plaintiff, and also preventing any subsequent suit by alleging that the first suit did bind the plaintiff after all. This would make a mockery out of the principle of res judicata and completely deprive the plaintiff of its day in court.

The Motion of the Government for Summary Judgment was thus denied and the case went to trial. The Government after the Motion for Summary Judgment was denied, and a second like motion also denied, made no further mention during the course of the trial of the res judicata-estoppel matter.

■ The Government on this appeal asserts that we should pass on the validity of its res judicata-estoppel argument.

It argues that a res judicata-estoppel defense need not always be raised as an affirmative defense in an answer. We agree. Miller v. Shell Oil Co., 345 F.2d 891 (10th Cir.). But that is not really the problem here. The Government advanced the res

*judicata* -estoppel point as the basis for its Motion for Summary Judgment. The trial court, as we have seen, ruled on the Motion and explained its ruling at some length. The Government apparently then completely dropped the *res judicata* -estoppel point. It was never again put forward or mentioned in any way at trial. Had the Government wished to rely on it, it would have had to prove it at trial as any affirmative defense. We have held that such a defense must be so established. In *Hayles v. Randall Motor Company*, 455 F.2d 169 (10th Cir.), we said:

> Estoppel by adjudication is an affirmative defense, which the party asserting it must plead and prove, unless it appears affirmatively from the pleadings of the party against whom it is asserted.

The matter was not raised at trial, and no matter how it might have been raised before trial it nevertheless would have remained an affirmative defense to be established by proof at trial. This is clearly indicated in *Hayles v. Randall Motor Company*.

However, as mentioned, the *res judicata*-estoppel issue was not advanced by the Government in any way after the denial of the summary judgment. No reference to it was made in the pretrial order. Pleadings were not sought to be amended. (The dismissal of the Nebraska suit came after the Government had filed its Answer in the Kansas action.) There was no proof whatever offered at trial and no mention made. The matter was not in the Government's requested findings or conclusions. We must conclude that any reliance on *res judicata* or estoppel was abandoned.

■ The remaining issue is one of the sufficiency of the evidence. We have examined the record and transcript and must conclude that the findings and conclusions of the trial court were supported by the evidence. The result was different than that reached in Nebraska, but the reason for the difference is well explained by the inferences from the facts as explained by the trial court, and the explanation for the attitude of the plane as it sought to take off from the field as observed by the witnesses.

AFFIRMED.