In re Otis Randolph SHORTT, Debtor.

**CLINCH VALLEY BANK & TRUST COMPANY, Plaintiff,**

v.

**Otis Randolph SHORTT and Robert E. Wick, Jr., Trustee, Defendants.**

Bankruptcy No. 7–81–01218.
Adv. No. 7–81–0435.

United States Bankruptcy Court,
W. D. Virginia,
Abingdon Division.

Jan. 27, 1982.

---

John M. Lamie, Abingdon, Va., for debtor.

Robert E. Wick, Jr., Bristol, Va., trustee.

Mark M. Lawson, Bristol, Va., for plaintiff.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Both Plaintiff and Defendant have filed Motions for Summary Judgment.

Plaintiff filed the complaint herein seeking to have a debt owed by the Debtor-Defendant declared nondischargeable. The parties have stipulated the facts and documentation which appears as follows: The Debtor on March 19, 1981, presented and negotiated to the Plaintiff a check drawn by Virginia Farm Bureau Mutual Insurance Company payable to the Debtor and Cedar Bluff Paint and Body Shop. The Debtor signed the other payee's endorsement apparently without authority, negotiated the check and received the proceeds in the amount of $4,592.39.

Thereafter, for some reason which does not appear in the stipulation, the insurance company stopped payment on the check. On April 10, 1981, the Debtor acknowledged to the officials of the Plaintiff that he had signed the name of the other payee and

thereupon on April 22, 1981, the Debtor paid the Bank $1,500.00 as partial reimbursement and signed a promissory note and security agreement upon his automobile for the balance upon which no further payments have been made. The Debtor-Defendant on October 5, 1981, filed petition under Chapter 7, in this Court seeking a discharge of his debts including said obligation to the Plaintiff.

The Plaintiff seeks judgment in the amount of $3,484.32, the sum remaining due on the note. Plaintiff alleges that this debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).[1]

In determining whether or not the Debtor's conduct is brought within the purview of the foregoing section, all facts and circumstances bearing upon the intent of the Debtor must be inquired into and determined. The rule prevails that fraud and intent to defraud are never presumed.

A review of the facts and stipulation filed herein does not impart sufficient information to the Court to determine this issue upon Motion for Summary Judgment under the guidelines pronounced by the Fourth Circuit Court of Appeals, which of course govern this Court.

Motions for summary judgment are governed by *Bankruptcy Rule 756* (*Rule 56 Federal Rules of Civil Procedure*). A line of cases decided by the Fourth Circuit, beginning with *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390 (4th Cir. 1950), have strictly interpreted the law governing the use of summary judgment. *See Moreno v. University of Maryland*, 420 F.Supp. 541, 561 (D.Md.1976). It has been stated that the "Fourth Circuit has exhibited a definite reluctance to affirm cases decided upon summary judgment." *Green v. Wells*, 329 F.Supp. 559, 561 (D.Md.1971).

The Fourth Circuit acknowledged the validity of its decision in *Pierce v. Ford Motor Co.*, 190 F.2d 910 (4th Cir. 1951) and also in *Phoenix Savings & Loan, Inc. v. Aetna Cas-*

*ualty & Surety Co.*, 381 F.2d 245, 247 (4th Cir. 1967). In the latter case, the Court reviewed the history of summary judgment decisions in the Fourth Circuit. In *Phoenix Savings & Loan*, the Court articulated a standard, consistent with its earlier decisions, to be applied within the Circuit on ruling on a motion for summary judgment.

> (S)ummary judgment under Rule 56 should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. This is true even where there is no dispute as to the evidentiary facts but only as to the conclusions or inferences to be drawn therefrom.

281 F.2d at 249. *See Kirkpatrick v. Consolidated Underwriters*, 227 F.2d 228 (4th Cir. 1955).

In addition, the Fourth Circuit in the *Phoenix* case, placed particular emphasis on its earlier decision in *American Fidelity & Casualty Co. v. London & Edinburg Insur. Co.*, 354 F.2d 214, 216 (4th Cir. 1965), where it was stated:

> Not merely must the historic facts be free of controversy but also there must be no controversy as to the inferences to be drawn from them. It is often the case that although the basic facts are not in dispute, the parties nevertheless disagree as to the inferences which may properly be drawn. Under such circumstances the case is not one to be decided on a motion for summary judgment.

381 F.2d at 249.

It is clear that the burden is on the party moving for summary judgment to produce evidence which negatives the opposing party's claim. *Sheridan v. Garrison*, 415 F.2d 699 (5th Cir. 1969). The Court in passing upon a motion for summary judgment, must view the facts in the light most favorable to the party opposing the motion and to give to that party the benefit of reasonable inferences to be drawn from underlying facts. *Adickes v. S. H. Kress and*

---

1. This section provides that a discharge does not discharge the debt of an individual which was incurred by obtaining money, property, services, or an extension, renewal, or refinance of creditor, by a false representation, false pretenses, or actual fraud.

Co., 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); see Lightfoot v. Board of Trustees, 457 F.Supp. 135, 141 (D.Md.1978). Doubts by the Court concerning the existence of a disputed material fact or inference must be resolved against the movant. Phoenix Savings & Loan, Inc. v. Aetna Casualty & Surety Co., 381 F.2d 245, 247, 249 (4th Cir. 1967).

The burden on the nonmoving party is not a heavy one. He need only demonstrate the existence of specific facts, as opposed to general allegations, that present to the Court a genuine issue of material fact. Mr. Justice Marshall, in First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968) speaking for the Court stated:

> It is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury, or judge to resolve the parties differing versions of the truth at trial.

Summary judgment is not to be granted lightly and is not a substitute for the trial of disputed issues of fact. United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Rather, the use of summary judgment is limited to an exceptional situation where "there is no genuine issue as to any material fact and . . . the moving party (is) entitled to a judgment as a matter of law." Shahid v. Gulf Power Co., 291 F.2d 422, 423 (5th Cir. 1961).

A "genuine" issue within the scope of Rule 56(c) has been variously described as a "triable", "substantial" or "real" issue of fact. The District Court for the Eastern District of Pennsylvania has defined a "genuine" issue as "one which can be supported by substantial evidence." Chuy v. Philadelphia Eagles, 407 F.Supp. 717, 723 n. 10 (E.D.Pa.1976); see Lipschutz v. Gordon Jewelry Corp., 373 F.Supp. 375, 384 (S.D. Tex.1974).

■ In determining whether to grant summary judgment, a court must first establish those facts in the case which are "material". Material facts are defined as those facts which, by their nature, tend to prove or disprove elements of a disputed claim for relief. After this preliminary statement the court must "then go beyond and behind the pleadings to find whether issues as to those facts, if any, are 'genuine'." Chuy v. Philadelphia Eagles, 407 F.Supp. 717, 723 (E.D.Pa.1976).

The Court has an obligation to search the entire record of the matter before it determines whether to grant summary judgment. Judgment for the movant should be granted only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Federal Rule Civ.Proc. 56(c). Those facts asserted by the party opposing the motion "which are supported by affidavits or other evidentiary material, must be regarded as true." Van Houton Service v. Shell Oil Co., 417 F.Supp. 523, 526 (D.N.J.1975). The Fourth Circuit has explicitly indicated that "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances" summary judgment should not be granted. 381 F.2d 245, 247, 249 (4th Cir. 1967).

■ Several factors must be weighed by the Court before deciding upon a motion for summary judgment. The Court should consider:

> (T)he need for cross-examination by the opposing party in relation to evidentiary materials, the general desirability of demeanor testimony, the factor of access to proof by the opposing party and the desirability that the case receive the full exploration of a trial.

Lipschutz v. Gordon Jewelry Corp., 373 F.Supp. 375, 383 (S.D.Tex.1974). Other factors to be considered are the complexity of the case and the opposing party's reliance

on circumstantial evidence. *Freedman v. Beneficial Corp.*, 406 F.Supp. 917, 921 (D.Del.1975). It has been held that such considerations are well within the Court's discretion as to whether the granting of summary judgment is judicially proper.

In reviewing the facts stipulated and documented upon Motion for Summary Judgment under the guidelines of the Fourth Circuit cases, the Court is also mindful of Rule 407 (Federal Rules of Bankruptcy Procedure) which provides:

> At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the facts essential to his objection.

The Plaintiff contends that the new note and security agreement executed by the Debtor-Defendant does not affect the initial liability arising from the Defendant's conduct in negotiating the check. The Debtor-Defendant in its Answer and Motion for Summary Judgment claims that the execution of the promissory note and security agreement does affect the Plaintiff's right to judgment of nondischargeability. The Court's determination on this issue, as well as the issue of the Debtor-Defendant's original negotiation of the check requires examination of the surrounding evidence as to the intent of the parties and specifically the intent of the Debtor-Defendant.

Having maturely considered the entire record submitted upon both Motions for Summary Judgment, the Court being of the opinion that said motions should be denied, it is accordingly so

### ADJUDGED AND ORDERED.

It is further

### ORDERED

that this adversary proceeding be, and the same is hereby set for trial before this Court in the U. S. District Courtroom at Abingdon, Virginia, on March 31, 1982 at 2:30 p. m.

Service of a copy of this Memorandum Opinion and Order is being made by mail to the Debtor; John M. Lamie, Esq., Counsel for the Debtor; Robert E. Wick, Jr., Esq., Trustee; and Mark M. Lawson, Esq., Counsel for the Plaintiff.