**In re SEATRAIN LINES, INC., Debtor.**

**SEATRAIN LINES, INC., Plaintiff,**

**v.**

**INTERPOOL LIMITED, Defendant.**

**In re OCEAN CONTAINER EQUIPMENT, S. A., Debtor.**

**OCEAN CONTAINER EQUIPMENT, S. A., Plaintiff,**

**v.**

**INTERPOOL LIMITED, Defendant.**

**Bankruptcy Nos. 81 B 10311 (EJR), 81 B 11059.**

**Adv. Nos. 81–5652–A, 81–5653–A.**

United States Bankruptcy Court, S. D. New York.

May 5, 1982.

---

Stroock & Stroock & Lavan, New York City, for debtors.

Zalkin, Rodin & Goodman, New York City, for Interpool Limited.

EDWARD J. RYAN, Bankruptcy Judge.

The motion by plaintiff, Seatrain Lines, Inc. ("Seatrain"), for partial summary judgment against Interpool Limited ("Interpool") on plaintiff's second, fourth and sixth claims for relief in its complaint, pursuant to Bankruptcy Rule 756 and Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), is denied.

On February 11, 1981 (the "Filing Date"), a petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 et seq., was filed against Seatrain. On that same date, Seatrain consented to the entry of an order for relief and an order for relief was granted as of the Filing Date. Seatrain has continued in possession of its property and is now operating its business as a debtor in possession.

The instant action * concerns an adversary proceeding commenced by Seatrain, on October 5, 1981, seeking, *inter alia*, a judgment declaring that Seatrain owns certain container units ("Schedule A containers") free and clear of any claims by defendant Interpool. Seatrain claims that on or about

---

* The instant action actually consists of two actions, one by Seatrain and the other by its subsidiary Ocean Container Equipment, S. A. ("Ocean"). Seatrain and Ocean each moved for partial summary judgment on their respective complaints. Hereinafter, the complaints and motions are considered as one and referred to as the Seatrain complaint and the Seatrain motion.

October 7, 1980, Seatrain and Interpool entered into a sale agreement whereby Interpool sold 4,000 containers to Seatrain for $4,900,000. According to Seatrain, upon payment of $1,000,000, Seatrain was to receive 2,000 of the 4,000 containers. Seatrain claims it owns the containers free and clear of all liens and claims. Contrarily, Interpool contends that, in effect, the sale agreement was a loan.

After an answer was interposed, Seatrain, on November 11, 1981, moved for partial summary judgment. In its answer, Interpool averred affirmative defenses and counterclaims to the complaint, including an assertion that a Consent Order of Settlement and Order of Dismissal ("Consent Order"), dated December 15, 1981, had been entered into between the parties by their respective attorneys in a New Jersey action, which Consent Order stated, among other things:

> "ORDERED that plaintiff, Interpool, Limited, shall be permitted to remove from the premises, owned or leased by the defendant, any and all of its dry cargo shipping containers and chassis owned by plaintiff, Interpool, Limited, or the subject of any security interest or UCC filings, which containers and chassis are in the possession of defendant, Seatrain Lines, Inc., pursuant to certain leases, membership agreements, and sale leaseback agreement; * * *."

Interpool contends that the Consent Order embraces the containers and chassis in dispute in this proceeding and bars partial summary judgment in Seatrain's favor. Additionally, through its counterclaims, Interpool asserts, *inter alia*, set-offs on monies due to Interpool from Seatrain.

FRCP 56(c), made applicable to this proceeding by Bankruptcy Rule 756, states, in pertinent part, that a judgment favorable to the movant "shall be rendered" if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In other words, where the facts, as presented in the pleading, affidavits and other materials are so forcefully homogeneous that there are no facts left in dispute, summary judgment is appropriate. However, absent such consonance of material facts, summary judgment is inappropriate. *See, e.g., Friedman v. Meyers*, 482 F.2d 435, 439 (2d Cir. 1973); *American Mfrs. Mut. Ins. Co. v. American Broadcasting—Paramount Theaters, Inc.*, 388 F.2d 272, 279 (2d Cir. 1967), on remand 45 F.R.D. 38 (S.D.N.Y.1968), later app. 446 F.2d 1131 (2d Cir. 1971), *cert. denied* 404 U.S. 1063, 92 S.Ct. 737, 30 L.Ed.2d 752 (1972).

Furthermore, where any doubts exist concerning material facts, the court must favor the party adverse to the motion for summary judgment. *Friedman, supra*, at 439; *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1320, 1321 (2d Cir. 1975).

In this proceeding, the court cannot rule that there are no triable issues of fact. The attorney for Interpool contends that triable issues of fact do exist and the record of the hearing held on December 14, 1981, clearly demonstrates that the parties do not concur on major issues.

The Consent Order and sale agreement, both central to a determination of this matter, raise issues of fact and law regarding, *inter alia*, the intent of the parties. Summary judgment is inappropriate when issues of the parties' intent are questionable. *Friedman, supra*, at 439. Whether the parties intended the sale agreement to be a loan or a lease agreement is clearly an issue to be determined after an evidentiary hearing. Clarification is also required regarding whether or not the Schedule A containers were to be considered part of the Consent Order. If it is determined that these containers were not subject to the provisions of the Consent Order, there still remains the question of ownership. Clearly, issues of fact and law concerning the Consent Order and sale agreement must be resolved before a final determination can be made herein.

Furthermore, it is questionable whether or not Seatrain's complaint asserts multiple claims or a single claim with multiple causes of action. If it is a single claim,

Seatrain could not be granted summary judgment on a part thereof. Partial summary judgment may not be entered to dispose of part of a single claim. 6 *Moore's Federal Practice,* § 56.15[8], pp. 56–643; see also, *Repass v. Vreeland,* 357 F.2d 801, 805 (3d Cir. 1966).

The memoranda and affidavits clearly demonstrate that issues of fact and law do exist. Therefore, a full hearing is required to finally resolve this matter.

Accordingly, the debtor's motion for partial summary judgment is denied.

Settle an appropriate order.