In re Leslie David MORGA and Lisa
Carol Morga, Debtors.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Plaintiff,

v.

Ronnie MORGA, Les Morga, Christian
Olsen, Karen Maulden, and Christina
O'Connor, Defendants.

Bankruptcy No. 81–01379 M A.
Adv. No. 82–0118 M.

United States Bankruptcy Court,
D. New Mexico.

June 27, 1983.

Ralph C. Binford, Albuquerque, N.M., for defendant Les Morga.

Michael P. Watkins, Albuquerque, N.M., for defendants Olsen and Maulden.

Kenneth J. Ferguson, Albuquerque, N.M., for defendant O'Connor.

## PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on plaintiff's Motion for Summary Judgment, made pursuant to Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 756.

In accordance with Bankruptcy Rule 752 and United States District Court Local Rule 31, as amended, the following constitute the Court's proposed findings of fact, conclusions of law, and order.

### Facts

1. State Farm Mutual Automobile Insurance Company (State Farm) is a foreign corporation doing business in New Mexico.

2. All defendants are residents of New Mexico.

3. Defendants Ronnie Morga and Les Morga did not respond to plaintiff's Motion for Summary Judgment.

4. The Court has jurisdiction to hear this matter.

5. On October 20, 1983, Ronnie Morga owned a 1972 Ford Ranchero which was insured by State Farm, effective June 12, 1980, through December 12, 1980.

6. On September 30, 1980, Ronnie Morga purchased a 1957 Chevrolet pickup truck.

7. The 1957 Chevrolet pickup truck did not replace any vehicle described in the policy of insurance.

8. State Farm and Ronnie Morga did not agree that State Farm would insure the 1957 Chevrolet pickup truck.

9. On October 20, 1980, with his brother, Les Morga, as a passenger, Ronnie Morga drove the 1972 Ford Ranchero from his home in Tijeras, New Mexico, to Albuquerque, New Mexico.

10. The purpose of the trip to Albuquerque was to retrieve the 1957 Chevrolet pickup truck.

11. On the return trip to Tijeras, Ronnie Morga drove the 1972 Ford Ranchero with Christina O'Connor as his passenger, and Les Morga drove the 1957 Chevrolet pickup truck with Patrick O'Connor as his passenger.

12. During the return trip, the 1957 Chevrolet pickup truck was involved in a head-on collision with an automobile driven by Christian Olsen, whose passenger was Karen Maulden.

13. At the time of the collision, Les Morga did not reside with Ronnie Morga.

14. On November 3, 1980, Christian Olsen and Karen Maulden filed suit against Ronnie Morga and Les Morga in the District Court for Bernalillo County, New Mexico, alleging damages stemming from the October 20, 1980, collision.

15. On January 20, 1981, Christina O'Connor, individually and as representative of the estate of Patrick O'Connor, filed suit against Ronnie Morga and Les Morga in the District Court for Bernalillo County, New Mexico, alleging damages stemming from the October 20, 1980, collision.

16. On December 9, 1981, State Farm filed a Complaint for Declaratory Judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201, in United States District Court for the District of New Mexico.

17. On December 31, 1981, Les Morga and Lisa Morga filed a voluntary petition under chapter 7 of the Bankruptcy Code.

18. The filing of the bankruptcy petition by Les Morga and Lisa Morga staying the pending state court proceedings.

19. On February 18, 1982, State Farm removed the declaratory judgment action to this Court.

### Conclusions of Law and Discussion

State Farm has moved for summary judgment pursuant to Rule 56, FRCP, made applicable to this proceeding by Bankruptcy Rule 756. By this motion, State Farm asks the Court to say, as a matter of law, that State Farm has no duty to defend Ronnie Morga and Les Morga in the state court actions, or to pay should Ronnie Morga or Les Morga be found liable.

A motion for summary judgment is proper in an action for declaratory relief made pursuant to 28 U.S.C.A. § 2201. *State of California v. Oroville-Wyandotte Irrigation District*, 411 F.Supp. 361 (D.C.Ca 1975); 6 Moore's Federal Practice § 56.17[19] (1982). Granting summary judgment is appropriate only where the movant has shown that no genuine issue of material facts exists, *Otteson v. United States*, 622 F.2d 516 (10th Cir.1980).

The substantive law of New Mexico governs the Court's consideration of this motion for summary judgment. *Green v. Aetna Insurance Co.*, 349 F.2d 919 (5th Cir. 1965) appeal after remand, 397 F.2d 614 (5th Cir.1968). State Farm urges otherwise, arguing that jurisdiction exists independently of diversity of citizenship. This argument has no merit. In its complaint for declaratory judgment, State Farm alleged the Court's jurisdiction pursuant to 28 U.S.C. § 1332. This is the statutory grant of diversity jurisdiction. If State Farm means by its argument that jurisdiction exists pursuant to 28 U.S.C. § 2201, that argument also lacks merit. This state merely provides an additional remedy; an independent basis for jurisdiction, such as diversity of citizenship, must exist. *Boraks v. Wilson*, 383 F.Supp. 195 (D.C.Col.1974). It is well settled that in diversity cases, the substantive law of the state is applicable. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

> The law in New Mexico is that the insurer is obliged to defend if the injured party's complaint states facts which bring the case within the coverage of the policy ... even though the complaint fails to state facts with sufficient clarity so that it may be determined from its face whether or not the action is within the coverage of the policy, provided the alleged facts tend to show an occurrence within the coverage.

*American Employers Insurance Co. v. Continental Casualty*, 85 N.M. 346, 348, 512 P.2d 674 (1973), quoting 1 Long, The Law of Liability Insurance (1973) § 5.02.

The New Mexico Supreme Court has recently refined this rule. In addressing a policy provision almost identical to the provision in the policy which concerns us here, in *Foundation Reserve Insurance Co. v. Mullinex*, 97 N.M. 618, 642 P.2d 604 (1982), the Court said that

> ... the trial court was correct in granting summary judgment in favor of appellees and in denying the declaratory relief sought by appellant. We believe that a determination of whether the exclusionary provision in this policy applies in this case should be determined in the primary action brought in Quay County. The provision of the policy relating to the duty of the insurer to defend under the terms of the insurance policy reads: '[T]he company shall: (a) defend any suit against the insured ... even if such suit is groundless, false or fraudulent; ...'

Under this provision, and *American Employers' Ins. Co. v. Continental Cas. Co.*, SUPRA, the insurer is under a duty to defend the insured in the primary ac-

tion until the court finds that the insurer is relieved of liability under the non-coverage provision of the policy. We believe this is the better rule because it prevents multiple suits and avoids the expense to insured of defending a collateral action brought by the insurer for a declaration of the insurer's obligation to defend under the policy.

The provision in the policy which is of concern in the instant case reads

> and to defend, with attorneys selected by and compensated by the company, any suit against the insured alleging such damages which are payable hereunder even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient.

In their complaint filed in state court, Olsen and Maulden allege That the Defendants Les Morga and Ron Morga, prior to and at the time of said accident, were jointly engaging in inciting and encouraging one another to drive in a fast and reckless manner and said acts were proximate cause of the said collision and resulting injuries and damages suffered by the Plaintiff.

In her complaint filed in state court, Christina O'Connor alleges that

> The defendant, Ron Morga, was inciting and encouraging Les Morga to drive in a fast and reckless manner, and such acts were the proximate cause of the death of plaintiff's decedent.

And in her deposition, O'Connor stated that during the return trip to Tijeras, Ronnie Morga, driving the insured 1972 Ford Ranchero, and Les Morga, driving the 1957 Chevrolet pickup truck, were engaged in a game of "cat and mouse" which she described as follows:

> It's a game where you turn out the lights and somebody goes and hides. And then the other person has their lights on. And they pass you up trying to find you. And then that person goes and hides. And then the other people go and try to find you.

Deposition of Christina O'Connor, at pp. 19–20.

Defendants herein argue that if Ronnie and Les Morga are found to have been engaging in such a game immediately prior to and at the time of the collision, and the collision is found to have been the result of such acts, then the collision would be, in the language of the insurance policy, an "accident arising out of the ownership, maintenance or use . . . of the owned automobile," thus subjecting Ronnie Morga to liability within the policy coverage. Defendants rely on "racing" cases to support their position: *Bierczynski v. Rogers,* 239 A.2d 218 (Del.1968); *Newcomb v. Cassidy,* 144 Ind. App. 315, 245 N.E.2d 846 (1969); *Lemons v. Kelly,* 239 Or. 354, 397 P.2d 784 (1964).

■ State Farm argues that the "racing" cases are inapposite since the instant case involves allegations that a game resembling "hide and seek," rather than a race, was in progress. This argument is unpersuasive. It does not matter whether the conduct engaged in by two drivers is technically termed a "race" or a "cat and mouse" game. The "cat and mouse" game described by Christina O'Connor could certainly be found to constitute hazardous conduct, no less than is racing. If such a game were proved to be the proximate cause of the accident, Ronnie Morga would be liable. As the Court in *Bierczynski v. Rogers, supra,* said:

> The authorities reflect generally accepted rules of causation that all parties engaged in a motor vehicle race on the highway are wrongdoers acting in concert, and that each participant is liable for harm to a third person arising from the tortious conduct of the other, because he has induced and encouraged the other.

One who engages or encourages conduct hazardous to all others on a public road or highway does so at his own peril. "One who does participate in setting in motion such hazardous conduct cannot thereafter turn his liability off like a lightswitch." *Lemons v. Kelly, supra.*

■ The issue of whether a hazardous game was in progress when this collision occurred requires further factual development, and granting summary judgment would be improper. Moreover, the credibility of the witnesses is a material factor in resolving the issue of the "cat and mouse" game. Christina O'Connor has testified in her deposition that the "cat and mouse" game was in progress at the time of the accident. On the other hand, both Ronnie Morga and Les Morga have testified in their depositions that no such game had ensued. Where resolution of an issue turns on the credibility of the witnesses, summary judgment is not proper. *Baum v. Gillman,* 648 F.2d 1292 (10th Cir.1981); *Prochaska v. Marcoux,* 632 F.2d 848 (10th Cir.1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841; *Eagle v. Louisiana and Southern Life Insurance Co.,* 464 F.2d 607 (10th Cir.1972).

■ State Farm argues that even if further development of the facts reveals that Ronnie Morga and Les Morga were involved in a hazardous road game at the time of the accident, State Farm is not obligated to pay because such conduct is not that contemplated by the meaning of the terms of the policy provision which reads

COVERAGE A—BODILY INJURY LIABILITY

COVERAGE B—PROPERTY DAMAGE LIABILITY

*To pay* on behalf of the insured all sums which the insured shall become legally obligated to pay as *damages* because of

(A) bodily injury sustained by other persons; and

(B) property damage

*caused by accident arising out of the ownership,* maintenance *or use,* including loading or unloading of the owned motor vehicle . . . [emphasis added].

State Farm cannot win this argument. The term "use," especially, is an ambiguous, general catch-all term, not necessarily limited to the ordinary use of the automobile. *Travelers Insurance Co. v. American Fidelity and Casualty Co.,* 164 F.Supp. 393 (D.C. Minn.1958); *see also,* Couch on Insurance,

§§ 45:60–62 and 45:64. Moreover, the law in New Mexico is that terms used in an insurance policy and not, as here, defined, must be construed liberally in favor of the insured and against the insurer, and that words, phrases, and terms must be given their ordinary meaning. *Watson v. Western Casualty Surety Co.,* 72 N.M. 250, 382 P.2d 723 (1963); *Fowler v. First National Life Ins. Co. of America,* 71 N.M. 364, 378 P.2d 605 (1965). The test, then, is not what the insurer, State Farm, intended the words to mean but rather what a reasonable person in the position of the insured would understand them to mean. *Ivy Nelson Grain Co. v. Commercial Union Insurance Co.,* 80 N.M. 224, 453 P.2d 587 (1969). Since a reasonable person in the position of the insured, Ronnie Morga, might understand these terms to include the alleged hazardous conduct, granting summary judgment would be improper.

After review the applicable state law and examining the record in the light most favorable to the non-moving party, *Frey v. Frankel,* 361 F.2d 437 (10th Cir.1966), appeal after remand, 443 F.2d 1240 (10th Cir. 1971), and resolving all inferences and doubts in favor of the opposing parties, as is required, *Mustang Fuel Corp. v. Youngstown Sheet and Tube Co.,* 516 F.2d 33 (10th Cir.1975), on remand, 411 F.Supp. 705, reversed, 561 F.2d 202 (10th Cir.1977); *In re Katz,* 20 B.R. 394 (Bankr.Mass.1982); *In re Seatrain Lines, Inc.,* 19 B.R. 929 (Bkrtcy.N. Y.1982); *In re Shortt,* 16 B.R. 813 (Bkrtcy. Va.1982), the Court concludes that genuine issues of material fact exist and that the movant, State Farm, has not established *prima facie,* that it is entitled to a summary judgment that it has neither the duty to defend the state court actions, or to pay should Ronnie Morga and/or Les Morga be found liable.

*Proposed Order*

It is therefore ordered, adjudged, and decreed that State Farm's Motion for Summary Judgment is denied and the declaratory judgment action will proceed.