In re Todd Martin KLEIN and Lynn Cope Klein, Debtors.

Todd Martin KLEIN, Lynn Cope Klein and Bill J. Sholer, Trustee, Plaintiffs,

v.

Ben BRONSTEIN, Hank Harenberg and Nick Kapnison, Defendants.

Bankruptcy No. 7–80–01270 MA.
Adv. No. 83–0572 M.

United States Bankruptcy Court,
D. New Mexico.

April 10, 1984.

---

Paul R. Smith, Albuquerque, N.M., for plaintiffs.

Elvin Kanter, Albuquerque, N.M., for defendants Bronstein and Harenberg.

Edward R. Myers, Albuquerque, N.M., for defendant Kapnison.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on defendants', Ben Bronstein (Bronstein) and Hank Harenberg (Harenberg), motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants seek summary judgment on Count I of the plaintiffs', Todd and Lynn Klein (Kleins), complaint. That count is based on a claim under the New Mexico Unfair Practices Act. N.M.Stat.Ann. §§ 57–12–1 to 57–12–20 (1978). Having carefully examined the record, the Court denies the motion for summary judgment.

In determining the propriety of the motion for summary judgment, the Court must review the applicable state law, and review the record in the light most favorable to the non-moving party. *In re Morga*, 31 B.R. 356, 360 (Bkrtcy.D.N.M.1983). Further, the Court must resolve all inferences and doubts in favor of the opposing party. *Id.* Based on those guidelines, the Court concludes that Bronstein and Harenberg are not entitled to summary judgment.

At issue here is whether the complained of conduct falls within the terms and coverage of the Unfair Practices Act. Specifically, Bronstein and Harenberg seek summary judgment on the grounds that the alleged conduct was not in their regular course of trade or commerce, but at most was an isolated occurrence. The Unfair Practices Act, in pertinent part, declares unlawful any unfair or deceptive trade practice in the conduct of any trade or commerce. N.M.Stat.Ann. § 57–12–3 (1978). The Act defines trade and commerce as including "the advertising, offering for sale, sale or distribution of any services and any property, and any other article, commodity or thing of value ..." N.M.Stat.Ann. § 57–12–2(B) (1978). Further, the Act defines unfair or deceptive trade practice as

any false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services, in the extension of credit or in the collection of debts by any person the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person ...

N.M.Stat.Ann. § 57–12–2(C) (1978).

■ No New Mexico court has construed the specific language in question requiring the conduct to be in the regular course of

**22**

the defendant's trade or commerce. The Court is guided in its analysis by the New Mexico Court of Appeals decision in *Richardson Ford Sales, Inc. v. Johnson,* 100 N.M. 779, 676 P.2d 1344, 23 N.M.St. Bar Bull. 260 (1984). Moreover, the language in the statute must be construed so that no part of the statute is rendered surplusage if possible. *See, e.g., T.W.I.W., Inc. v. Rhudy,* 96 N.M. 354, 630 P.2d 753 (1981). Clearly, the Unfair Practices Act requires that the practice complained of occur in the defendant's regular course of trade or commerce. Accordingly, the Act does not apply to a single isolated occurrence. To construe the Act otherwise would render the language regarding regular course of trade or commerce surplusage. This Court must read and give effect to the statute as it is written by the New Mexico Legislature. *Richardson Ford Sales Inc. v. Johnson, supra; Gonzales v. Oil, Chemical and Atomic Workers Int. U.,* 77 N.M. 61, 419 P.2d 257 (1966).

■ The Court finds that a genuine issue of material fact exists as to whether the complained of conduct constituted an unlawful practice in the regular course of the defendant's regular course of trade or commerce. The basis of the Kleins' claim is that the defendants arranged a loan for the Kleins and represented that no fee would be charged for the service. When the loan proceeds were procured, the Kleins claim that they were required to pay a fee of $20,000.00 and transfer 75% of the stock in P.I.T., Inc., the plaintiffs' corporation, to the defendants. Harenberg and Bronstein have each submitted affidavits to the Court denying, in effect, that the alleged conduct was their regular course of trade or commerce, but at most was an isolated occurrence. The affidavits also deny that Bronstein or Harenberg ever received any funds from the alleged fee. There is evidence in the record, however, supporting the inference that the complained of practice was in fact in the regular course of the defendants' regular course of trade or commerce. The transcripts of the testimony of Natalyn Kapnison support that inference. Given the evidence in the record, the Court cannot

conclude that Bronstein or Harenberg are entitled to summary judgment. Accordingly, the motion for summary judgment must be denied.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.